UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-20678

v.

DAVID JOHN CULHANE, II
_____/

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX     (1)     The Government moved for detention at Defendant's first appearance pursuant to:

        XX     18 U.S.C. § 3142(f)(1).

        __     18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__     (2)     The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

  __ the date of conviction, **or**

  __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.  Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

  __ for which a maximum prison term of ten years or more is prescribed in the _____<sup>1</sup>, **or**

  __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

  __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

  __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

  __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

  __ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.  Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a domestic assault upon a member of the Saginaw Chippewa Native American Tribe. I find from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 28 years of age and has lived in the Mount Pleasant area substantially all of his life. Defendant's father resides in Weidman, Michigan, and his mother resides in Tennessee. His sister resides

at the same address as the alleged victim.  Defendant is single, has never married, and has two children.  For the last eight years, Defendant has a worked at his father's muffler shop in Flint, Michigan.  Prior to that time, he worked as a mechanic in another muffler shop and at a car wash.

Defendant conceded to Pretrial Services that he has used marijuana once or twice a week for the past 12 years.  He reported no other drug use, however, preliminary urinalysis screening returned positive results for marijuana, cocaine and opiates.  The latter may be explained by Defendant's statement that he takes Vicodin for pain.  Defendant states that he was prescribed the drug by a licensed physician, but Pretrial Services has been unable to corroborate the existence of a prescription.

In August 1998, at age 16, Defendant was charged with and pled guilty to breaking and entering.  He was sentenced to six months' probation and fines.  One year later, Defendant was charged with and pled guilty to fleeing and eluding.  He was sentenced to 30 days in jail, 18 months' probation and a fine.  Two months later, while on probation, Defendant was charged with and pled guilty to the illegal use of a financial transaction device.  Defendant was sentenced to 45 days in custody, one year probation, and fines, costs and community service.  While on probation, Defendant was convicted of a probation violation and was sentenced to serve an additional 90 days in jail.

In March 2001, while on probation, Defendant pled guilty to minor in possession.  He was 18 years old at that time.  Also while on probation, at age 19, Defendant pled guilty to attempted phone tapping, the cutting of phone wires and domestic violence.  Defendant was sentenced to 30 days in jail, one year probation, and fines and costs.

While on probation, Defendant twice pled guilty to probation violation and served an additional 19 days in jail. Four months later, at age 20, while still on probation, Defendant was found guilty of domestic violence second offense. He was sentenced to 39 days in jail, fines and costs. In October 2003, again while on probation, Defendant was charged with and pled guilty to the use of marijuana and was sentenced to fines, costs and 25 days in jail.

Between November 2003 and September 2006, Defendant pled guilty to a series of traffic offenses. During this period, he also pled guilty to disorderly conduct. The Government represents that these offenses took place while Defendant was on probation, and in fact, Defendant was found guilty of probation violations and sentenced to additional jail time. In October 2006, at age 24, Defendant was charged with and pled guilty to possession of less than 25 grams of cocaine. He was sentenced to six months in jail, three years probation, fines and costs. While still on that probation three months later, Defendant was charged and pled guilty to assault and battery. He received 12 months' probation. Two months later while on that probation, Defendant was charged with and pled guilty to driving while license suspended second offense.

In June 2007, Defendant was charged with and pled guilty to a felony controlled substances offense of delivery/manufacture of marijuana. He was 25 years old and on probation at that time. On the same day as that plea, Defendant pled guilty to another charge of delivery and manufacture of marijuana. He was sentenced to concurrent one-year jail terms, three years' probation, fines and costs. In February 2010, again while on probation, Defendant pled guilty to misdemeanor disorderly person.

The Assistant United States Attorney (AUSA) represents that one of Defendant's prior domestic violence convictions arose out of circumstances where Defendant assaulted a pregnant victim, and when the victim attempted to contact the police, he threatened to assault her again. The AUSA also represents that the indictment in this case arose out of circumstances where Defendant threatened and assaulted the victim, and later forced the victim to call the police and recant her earlier statements. In addition, the Government represents that when police officers endeavored to interview Defendant, he told them that he was planning to leave the area.

As I weigh these facts under the Bail Reform Act, I conclude first that although Defendant is employed and has community ties, his extensive adult criminal history, including both assaultive and drug-related crimes, has almost entirely taken place while he was on court-imposed probation, a factor I am required to consider under the Bail Reform Act. Thus, it is plainly obvious that Defendant is unwilling to abide by the conditions of supervision, and I see no legitimate reason to believe that this pattern of behavior would be changed if Defendant is placed on bond in this case.

Moreover, as well stated by the Second Circuit, "[w]here, [as is clearly evidenced in this case,] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985).

For all these reasons, I conclude that there are no conditions nor any combination of conditions I could fashion which would reasonably assure the safety of the community, and in particular, the safety of the alleged victim. For those reasons, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                          s/ *Charles E Binder*
                                          CHARLES E. BINDER
Dated: November 18, 2010              United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Steve Jacobs, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: November 18, 2010              By    s/*Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder